IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Betty Bennett, | ) | C/A No.:  9:13-669-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Betty Bennett, brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has responded with various objections and the Commissioner has replied thereto. The court will discuss its *de novo* review of the objections herein.

The facts are fully set forth in the decision of the Administrative Law Judge (ALJ) and the administrative record, briefly summarized as follows. The plaintiff applied for DIB and in December 2009 alleging an onset of disability beginning April 2008. The ALJ denied the claim and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of the decision with a complaint filed in this court on March 12, 2013.

The plaintiff was 47 years old as of her alleged onset of disability. She has a high school education and a post high school certificate in home health care. She has past relevant work as a home health aide, seamstress, and sales person. Plaintiff alleges disability due to disorders of the back, osteoarthritis, and fibromyalgia.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 18, 2008, her amended onset date.[2] At steps two and three, the ALJ found that Plaintiff had severe impairments—cervical spondylosis, degenerative disc disease of the lumbar spine with radiculopathy, fibromyalgia, degenerative joint disease of the right shoulder and left knee, history of left knee and left shoulder arthroscopy, degenerative

---

[2] Plaintiff had previously applied for DIB on several occasions and her most recent application was denied on April 17, 2008. Therefore, plaintiff is precluded from alleging disability for any time prior to April 18, 2008.

changes of the ankles, left carpal tunnel syndrome, and diabetes with neuropathy—that did not meet or equal any impairment listed in the regulations.

The ALJ then determined that plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work: lift or carry up to 10 pounds occasionally and less than 10 pounds frequently; could only occasionally stoop, twist, crouch, kneel, balance, or climb stairs and ramps; could never climb ladders, ropes, or scaffolds; and could only occasionally reach overhead with both upper extremities. Based on this RFC and the testimony of the vocational expert (VE), the ALJ found that plaintiff was not capable of performing any past relevant work, but that she could perform other jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act at any time between April 18, 2008 and December 31, 2008, the date she was last insured for benefits.

In her brief before the court, plaintiff sets forth various arguments to support her position that this case should be remanded, basing them on errors in the ALJ's determination of plaintiff's RFC and credibility finding. The Commissioner contends otherwise and suggests that substantial evidence supports the ALJ's determination that plaintiff was not disabled.

In objecting to the Magistrate Judge's Report, the plaintiff has advanced two arguments which repeat those made before the Magistrate Judge. First, the plaintiff contends that although the ALJ specifically noted that the plaintiff could not perform a full range of

3

sedentary work,[3] the ALJ failed to clarify the additional restriction in his decision or describe the sedentary work in the RFC as is required under SSR 96-8p. In particular, the plaintiff asserts that the ALJ did not discuss any limitations in sitting, walking or standing, and any manipulative limitations due to left carpal tunnel syndrome and left trigger thumb.

The Magistrate Judge notes, however, that the ALJ did discuss the effect the plaintiff's impairments had on her ability to work during the relevant time period. The Magistrate Judge also notes that the ALJ's restrictions for plaintiff's sedentary work were consistent with the medical evidence, and were even more restrictive that the RFC placed on the plaintiff by the state agency physicians, both of whom had opined that the plaintiff could perform light work activity with postural limitations. This court agrees with the Magistrate Judge that the ALJ set forth a comprehensive discussion and analysis in his decision as to why he reached the RFC and therefore no reversible error occurred.

The ALJ found that the plaintiff's allegations regarding the extent of her symptoms were not entirely credible. Specifically, the plaintiff contends that the ALJ overlooked and failed to discuss inconsistencies and evidence in the record of plaintiff's reported symptoms and the side effects of her medication. In addition, the plaintiff suggests that the Magistrate Judge has used post hoc rationale to support the ALJ's findings.

---

[3] Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005). Under SSR 96-9p, sedentary work typically involves lifting no more than 10 pounds and standing and/or walking for a total of no more than 2 hours in an 8-hour workday, and sitting for the rest of the time with breaks approximately every 2 hours.

The Magistrate Judge notes in his Report that, to the contrary, the ALJ found that the record failed to show the plaintiff had reported *significant* medication side effects to her treating physicians. The Magistrate Judge did not find that the ALJ conducted an improper credibility analysis in reaching his conclusions, or that the decision otherwise reflects a failure to properly consider the record and evidence in this case. This court agrees with the Magistrate Judge's conclusions.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, the court adopts the Report and Recommendation in full and affirms the Commissioner's decision.

IT IS SO ORDERED.

September 23, 2014                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District